## Keith v. Keith

*Richard A. Katz,* for plaintiff.
*A. Anthony Kilkuskie,* for defendant.

MUELLER, *J.,* January 17, 1984—Presently before the court is the petition of Thelma M. Keith, on

behalf of her minor daughters, Kathy L. and Lisa M. Keith, seeking an order extending a protection from abuse act order of November 18, 1982 for an additional one year period. The original petition alleged the childrens' father, respondent Harold E. Keith, had sexually abused both of the children on various dates, and that they were in fear of him. Although no actual hearing into the abuse occurred at that time, an order was entered, by agreement of counsel, prohibiting respondent from threatening or harassing his daughters and excluding him from their residence for one year. On March 7, 1983, respondent pleaded guilty to charges of indecent assault, involuntary deviate sexual intercourse, and corruption of minors, arising from several incidents with his daughters. Respondent was sentenced to two years probation on the charge of indecent assault, six to 23 months in prison and a $200 fine for involuntary deviate sexual intercourse, and two years probation on the corruption of minors charge.

On November 14, 1983, petitioner sought an extension of the protection from abuse act order for another one year period, alleging that the children are still in fear of respondent who now resides with his parents, the paternal grandparents of his daughters. The paternal grandparents have visitation privileges with the children one Saturday a month pursuant to an order entered by Judge Michael J. Perezous. Petitioner alleges there were several incidents during the visitations when the children were placed in close proximity to respondent, and that each time the children became emotionally upset.

On November 28, 1983, a hearing was held to determine whether the petition to extend the protective order should be granted. The court heard extensive testimony from the girls' mother, the two girls,

ages 10 and 12, their caseworker at the Lancaster County Children and Youth Social Services Agency, the Case Manager at the Lancaster Guidance center, the girls' paternal grandmother and respondent. At the conclusion of this testimony this court ordered that counsel submit briefs concerning two issues; (1) whether an order under the Protection from Abuse Act, 35 P.S. § 10181 et seq., may be extended beyond a one year period if no other acts of abuse, as defined in that Act, occur; and (2) whether the evidence submitted at the hearing held November 28, 1983, is sufficient to establish abuse within the definition of that word under the protection from abuse act for purposes of entering an order extending the original order beyond one year. Briefs having been filed, this matter is properly before the court for disposition.

After careful consideration of all legal arguments, the court is unable to extend the order under the protection from abuse act. As to the first issue, Section 10186(b) states that "Any protection order or approved consent agreement shall be for a fixed period of time not to exceed one year. The court may amend its order or agreement at any time upon subsequent petition filed by either party." Although at first glance the two clauses of this section may seem irreconcilable, the Superior Court has stated that "any such order entered shall have no effect beyond one year." Cipolla v. Cipolla, 264 Pa. Super. 53, 55, fn. 1 (1979). This court is not at liberty to grant an extension absent a showing of continued abuse.

The court's attention must focus on the second issue, whether the facts presented at the hearing in this matter are sufficient to establish abuse within the definition of that word under the protection from abuse act. Under the Act abuse is defined, inter alia, as "sexually abusing minor children as

defined pursuant to the Act of November 26, 1975 (No. 124)", known as the Child Protective Services Law (11 P.S. §2201 et seq.). 35 P.S. §10182(iii). That law defines "child abuse" as "serious physical or mental injury which is not explained by the available medical history as being accidental, or sexual abuse or sexual exploitation . . . of a child under 18 years of age . . .". 11 P.S. §2203.

Although the court has no doubt whatsoever that being in close proximity to respondent has caused the children stress, fear and emotional strain, we are unable to find that these incidents rose to the level of abuse as defined under the applicable law.

In light of this finding and our decision that the protective order of November 18, 1982 may not be extended beyond one year, the court is unable to grant the petition for extension of the protective order. Although constrained by the applicable statutes from ordering an extension, the court feels strongly that the testimony at the November 28, 1983 hearing established that it would be extremely detrimental and perhaps dangerous to the two girls to be forced to be near their father now. They need more time away from him to resolve their feelings and continue the therapeutic process. The court would hope that respondent and his parents would not act in an irresponsible and callous manner. To that end, the court strongly recommends that counsel for petitioner pursue other avenues to insure the protection of these innocent girls.

## ORDER

And now, January 17, 1984, petition for extension of order pursuant to the protection from abuse act entered November 18, 1982, is hereby denied.